MRS. JOHNNIE BURANDT v. THE STATE.

No. 7825.    Decided April 30, 1924.

**1.—Killing Dog—Written Instructions—Verbal Instructions.**

Where the appellant requested that the court charge the jury in writing, she being charged with unlawfully killing a dog, it was the privilege of the court to read to the jury any appropriate written charges requested by the appellant, and to supplement these by a written charge expressing the views of the court of the law applicable to the issue involved, but it was not his privilege to give a verbal charge; such is only permissible when consent is given, and the judgment must be reversed and the cause remanded.

**2.—Same—Charge of Court—Penalties.**

If, upon another trial, the court should charge the jury he should inform them of the penalties in accord with the statute. Following: Thompson v. State, 91 Texas Crim. Rep., 239.

Appeal from the County Court of Gregg. Tried below before the Honorable Wm. R. Hughes.

Appeal from a conviction of unlawfully killing a dog; penalty, a fine of $75.00.

The opinion states the case.

*R. S. Wyche* and *Lacy & Bramlette,* for appellant.—On question of charge of court in misdemeanor cases: Steele v. State, 46 Texas Crim. Rep., 337; Clayton v. State, 78 id., 165; Johnson v. State, 64 id., 109; Thompson v. State, 91 id., 235.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The offense is the unlawful killing of a dog; punishment fixed at a fine of seventy-five dollars.

The appellant was charged by an indictment containing four counts, namely: first, that she maliciously poisoned a dog with the intent to injure the owner, Rush Moore; second, that she unlawfully, wilfully and needlessly killed a dog; third, that she unlawfully, wilfully, unnecessarily and cruelly tortured and killed a dog by means of poisoning; fourth, that she unlawfully, wilfully and wantonly poisoned a dog.

The prosecution seems to be based upon Article 1230 of the Penal Code and Art. 1231, as amended by the Acts of the Thirty-sixth Legislature, Chap. 59, Sec. 1. The punishment prescribed under Art. 1230, supra, is by a fine of not less than ten nor more than two hundred dollars; and that prescribed by Art. 1231 is by a fine of not more than two hundred dollars.

The evidence is wholly circumstantial, and a recital of it is deemed unnecessary.

The appellant requested the court to give a written instruction. The court declined to do so but informed counsel that if special charges which were deemed appropriate were presented, they would be given. Appellant presented one special charge to the effect that to warrant a conviction, the evidence must show that the appellant wilfully poisoned the dog of Rush Moore with the intent to injure the said Rush Moore. The court gave this charge and supplemented it with a verbal charge embracing an instruction upon each count in the indictment, and informing the jury that upon conviction, the punishment should be assessed at not less than ten nor more than two hundred dollars. According to the exception in the record, the court gave a verbal charge embracing various other matters, including circumstantial evidence. In Article 740 of the C. C. P., it is said:

"No verbal charge shall be given in any case whatever, except in cases of misdemeanor, and then only *by consent of the parties.*"

In the present case, it is our conception of the statute that the appellant, having requested that the court charge the jury in writing, it was the privilege of the court to read to the jury any appropriate written charges requested by the appellant, and to supplement these by a written charge expressing the views of the court of the law applicable to the issues involved, but it was not his privilege to give a verbal charge. Such a charge is permissible only when consent is given. In the present case there can be no presumption of consent because the contrary affirmatively appears. See authorities collated in Vernon's Texas Crim. Stat., Vol. 2, p. 500.

If, upon another trial, the court should charge the jury, he should inform them of the penalties in accord with the statute. See Thompson v. State, 91 Texas Crim. Rep., 235.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*